FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

99 JAN 25 PM 4: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

THOMASSON LUMBER COMPANY,      )
                               )
          Plaintiff,           )
                               )
vs.                            )      CIVIL ACTION NUMBER
                               )
OLON BELCHER LUMBER COMPANY,   )         94-C-1457-W
INC., et al.,                  )
                               )
          Defendants.          )

ENTERED

JAN 2 9 1999

## MEMORANDUM OF OPINION DENYING MOTIONS
## TO INTERVENE AND TO LIFT PROTECTIVE ORDERS

Cahaba Pressure Treated Forest Product, Inc. ("Cahaba") and Concord Telephone Company ("CTC") seek intervention in this highly contentious, complex, and (thanks be to God!) closed case so that they may implore the court to lift its protective orders. For the reasons which follow, the motions will be denied.

I

The case was filed in mid-1994. It arises out of the production, sale, and distribution of wood utility poles treated with the preservative agent copper naphthenate ("CN"). CN was developed, marketed, and sold by the defendant Mooney Chemicals ("Mooney").

At the core of the litigation is a claim that "M-Gard" utility poles (i.e., poles treated with CN) are defective. Various claims, crossclaims, counterclaims, third-party claims were asserted by the parties during the three-year life of the case. Vigorous discovery ensued. Under the rules of the court, discovery materials are not generally filed with the clerk of the court.[1] Necessarily, trade secrets, proprietary and other privileged and confidential materials were the subjects of discovery efforts.

The court entered its first Protective Order on June 27, 1995. It was annulled by a Second Protective Order ("SPO"), entered on August 4, 1995. The SPO was limited to documents agreed

---

[1] Local rule 5.1 provides, in relevant part:

**Non-filing of Discovery in Civil Cases**. Except as otherwise directed by a judge of the court:

(a) Depositions in civil cases shall not be filed with the Clerk,...
(b) Other discovery materials in civil cases (including interrogatories, requests for admissions, and responses thereto ... shall not be filed with the Clerk....

....

(d) Counsel noticing a deposition or responsible for serving other non-filed discovery materials, ... shall provide other counsel...reasonable access to such material and reasonable opportunity to duplicate the same at the expense of the copying party. Other persons may, with leave of court, obtain from the custodian a copy of non-filed discovery upon payment of the reasonable expense of the copy.

...

(f) Unless otherwise directed by a judge of the court, depositions and other discovery materials...may be disposed of by the custodian 30 days after final disposition of the case (including any appeal or the expiration of the time for any appeal).

2

by the parties or found by the court to be "confidential;" and it was "[b]ased on the need to protect privileged/confidential documents." SPO, p.1.

To the considerable delight of the court, the parties agreed to settled the case. As a part of the proposed settlement, the parties agreed to request the court to "...seal the entire record of this case, including all pleadings, docket entries, orders, transcripts and any depositions or exhibits filed with the court." Agreed Motion to Modify Second Protective Order and Seal Court Records ("Agreed Motion"), p.2. Notwithstanding its delight in the possible resolution of the case and its recognition that the sealing of the court records was an important item in the settlement package, the court was unwilling to go as far as the parties wished to take it. It denied the motion "insofar as it seeks to seal the official court records embodying the pleadings, docket entries, and orders entered in this case." Order of June 19, 1997. The Agreed Motion was granted in all other respects. *Id.*

On June 24, 1997, the case was dismissed as to all claims and all parties.

Cahaba and CTC have been aware of the existence of this litigation at all material times.

Cahaba is a direct competitor of defendant Olon Belcher Lumber Company ("Belcher").

3

II

A few months after this action was filed, CTC filed in a North Carolina state court a similar action against Cahaba and several of the defendants in this case. The case was removed to the United States District Court for the Middle District of North Carolina. *Concord Telephone Company, Inc. v. Power & Telephone Supply Company, et al.* (M.D. N.C. Civ. A. No. 4:95CV00023). That case was dismissed in May 1996, without prejudice, pursuant to a Tolling Agreement.[2] In early 1998, CTC re-filed the case in the Superior Court of Cabarrus County, North Carolina. Mooney has filed a third-party complaint against Cahaba in that action. Discovery is ongoing.

Cahaba is in the business of treating and selling treated utility companies. Like defendant Belcher, it purchased CN from Mooney. On June 16, 1997, Cahaba brought suit against defendants Mooney and Thomasson Lumber Company ("Thomasson") in the Circuit Court of Bibb County, Alabama. Cahaba asserts breach of contract and warranty against Mooney, and fraudulent misrepresentations against Thomasson. The case was removed to this court, *Cahaba Pressure Treated Forests Products, Inc. v. OM Group, Inc., et al* (CV No. 97-N-1917-W), where it presently remains in the discovery

---

[2] The Tolling Agreement, as the name suggests, merely tolls statute of limitations and other time-related defenses pending resolution of this case, which the parties expected to facilitate resolution of issues involved in the North Carolina case.

4

stage.[3]

III

CTC seeks to intervene herein on the ground that in the North Carolina case, the defendants Mooney and Thomasson have relied on the protective orders in this case to avoid responding to discovery. Specifically, CTC has requested Mooney and Thomasson to produce depositions taken and interrogatory responses provided in this case. CTC asserts that neither Mooney nor Thomasson has a "legitimate protectable interest in keeping *all* of the deposition transcripts, interrogatory responses, expert reports and other discovery taken or produced in this case..." Motion To Intervene And Lift Protective Orders, p. 5. (emphasis original). It contends that Mooney no longer sells CN as a preservative for utility poles, and thus left Belcher no longer sells pressure treated wood utility poles. They argue that therefore Mooney and Belcher would suffer no competitive disadvantage if the protective orders are lifted.

Cahaba's articulated principal reasons for intervention are to avoid duplicative discovery, to conserve judicial resources, and to give full force and effect to the Tolling Agreement.

---

[3] Thomasson has filed a breach of contract and fraud action against Cahaba and Mooney, *Thomasson Lumber Co. v. Cahaba Pressure Treated Forest Products and OMG Americas, Inc., f/k/a Mooney Chemicals, Inc.* (CV No. 98-P-0043). It, too, is in the discovery stage.

5

IV

For two reasons, the motions to intervene will be denied. The motions are untimely.  Moreover, the substantive relief which they seek is inappropriate under the circumstances.

Aside from the express words of Rule 24 itself ("[u]pon timely application"), *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977) makes it clear that a petition to intervene must be timely filed.  In determining the timeliness of such motion, four considerations govern.[4]

At all times, CTC and Cahaba have known of their interest in this case.  If they are permitted to intervene and if they are successful in achieving the goal for which they seek intervention, the existing parties may well suffer considerable damage. One of the key provisions which prompted settlement - the preservation of confidential records - will have been nullified.  On the other hand, CTC and Cahaba will suffer no more prejudice by the denial of

---

[4]   Factor 1.  The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene....
Factor 2.  The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case....
Factor 3.  The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied....
Factor 4.  The existence of unusual circumstances mitigating either for or against a determination that the application is timely....

*Id.*, at 264-66.

6

their intervention motion than they would have suffered had this action never been filed. In short, they will be required to utilize the federal discovery rules to obtain discovery of the parties to this case.

Two unusual circumstances mitigate against a determination that intervention is timely. First, this case had been settled and closed, to the certain knowledge of the putative intervenors, some *fifteen months* before they filed intervention papers. Second, intervention would permit an attack on one of the bases of
the settlement of the case, which, if successful, may well shaft the entire settlement.

On balance, the *Stallworth* facts tilt heavily against intervention.

Even if the timeliness problem could somehow be overcome by CTC and Cahaba, it is most unlikely that the court would grant the relief sought by the putative intervenors. The parties to this action have a legitimate and continuing interest in protecting their confidential information. Mooney's successor corporation, OMG Americas, for example, continues to sell CN. It may in the future resume sale of CN for use in pressure treating utility poles. Affidavit of Scott Grove. And, as noted earlier, Cahaba is a direct competitor of Belcher.

The protective order simply preserves the confidentiality of

7

sensitive and privileged materials.  Such desired and negotiated confidentiality constitutes "good cause" for a protective order. F.R.Civ.P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199 (1984). The protective order herein is limited to pretrial discovery - it does not seal the pleadings, docket entries, and orders in the case.  It is grounded in good cause. *See In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987).  That good cause outweighs considerations of avoidance of duplicative discovery and conservation of judicial resources.

Under these circumstances, intervention would be futile.

By separate order, the motions to intervene will be denied.

DONE this ___25th___ day of January, 1999.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON

8